NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TRUMAN HARLOW STEVENS, *Appellant.*

No. 1 CA-CR 20-0448
FILED 8-26-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-001919-001
The Honorable Jennifer Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Maricopa County Legal Advocate's Office, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Brian Y. Furuya joined.

---

**T H U M M A**, Judge:

¶1            This is an appeal under *Anders v. California*, 386 U.S. 738, 744 (1967) and *State v. Leon*, 104 Ariz. 297, 300 (1969). Counsel for defendant Truman Harlow Stevens advised the court that, after searching the entire record, no arguable question of law was identified and asks this court to conduct an *Anders* review of the record. Stevens was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Stevens' convictions and resulting sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2            The trial evidence shows that, in June 2016 in Maricopa County, while aided by an accomplice, Stevens restrained and killed R.L. and then took a truck owned by K.R. that was in R.L.'s possession. Law enforcement investigation of the crimes involved Arizona and federal authorities. In May 2018, Stevens was charged with first degree murder, a Class 1 felony (Count 1); kidnapping, a Class 2 felony (Count 2); aggravated robbery, a Class 3 felony (Count 3) and theft of means of transportation, a Class 3 felony (Count 4). The court designated the case complex and, after motion practice, pretrial hearings and continuances, trial began in February 2020. Given the COVID-19 pandemic, on March 17, 2020, trial was suspended. After a half day of trial on June 16, 2020, proceedings were again suspended until early July 2020. During that time, counsel and the court discussed scheduling, with the State moving to further continue trial and suggesting a mistrial might be required as an alternative, and Stevens objecting to a mistrial. The court denied the motion to continue, and trial reconvened on July 6, 2020 and was completed days later.

¶3     The trial lasted a total of 15 days, with the jury considering dozens of exhibits and testimony from approximately two dozen witnesses. After the State rested, Stevens unsuccessfully moved for a judgment of acquittal under Ariz. R. Crim. P. 20. Stevens did not testify in his own defense or affirmatively offer any evidence, as was his right. After hearing argument, the court also denied Stevens' motion for mistrial, which was largely based on evidentiary issues. The jury deliberated and found Stevens guilty as charged. Stevens moved for a new trial, asserting the grounds raised in his mistrial motion and also arguing an issue under *Batson v. Kentucky*, 476 U.S. 79 (1986), relating to jury selection, and that the verdicts were contrary to the weight of the evidence. The court denied the motion.

¶4     Stevens was sentenced to life in prison with the possibility of release after 25 years for Count 1, a dangerous nonrepetitive offense, with 831 days presentence credit. Given his prior criminal history, Stevens was sentenced as a Category 2 non dangerous but repetitive offender to presumptive prison terms of 9.25 years for Count 2; 6.5 years for Count 3 and 6.5 years for Count 4. The sentences for Counts 3 and 4 are concurrent to each other but consecutive to that imposed for Count 2; the sentence for Count 2, in turn, was ordered to be served consecutively to the sentence for Count 1. This court has jurisdiction over Stevens' timely appeal pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶5     The record shows that Stevens was represented by counsel at all critical stages of the proceedings. The record contains substantial evidence supporting the convictions. The prison sentences imposed are within statutory limits. The award of presentence incarceration credit was accurate. In all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. From this court's review of the record, there was no reversible error.

## CONCLUSION

**¶6**        This court has read and considered counsel's brief, has searched the record provided for reversible error and has found none. Accordingly, Stevens' convictions and resulting sentences are affirmed.

**¶7**        Upon the filing of this decision, defense counsel is directed to inform Stevens of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, an issue is identified that is appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Stevens has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA